[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9256
The 44 year old plaintiff husband and the 44 year old defendant wife intermarried on September 7, 1972 in Italy. The plaintiff was employed as a floorman in Scoville's at the time of the marriage earning $125 weekly. The plaintiff continued to work there until the shop closed. The plaintiff then went to work in another factory for about one year, and then collected unemployment benefits. The plaintiff then found a location occupied by a closed Chinese restaurant which plaintiff reopened as a pizza restaurant in 1985. The defendant's cousin and the plaintiff's cousin in California owned a pizza business and they showed plaintiff and defendant how the business should be run. The parties' restaurant was equipped for an Italian style restaurant and pizza (Defendant's Exhibit #3) paid for with a $13,000 loan from the plaintiff's father which was paid back (Defendant's Exhibit #4). The defendant cooked, Angela, the parties' daughter worked as a waitress, the older son worked at the cash register and the plaintiff was the pizza baker.
The parties lived with plaintiff's parents for seven (7) years until 1979 when they moved to their own home.
Three children were born issue of the marriage, a daughter, Angela, now an adult, Anthony, born December 6, 1975 and Joseph, born June 6, 1981.
The defendant had a back problem with a slipped disc which resulted in a laminectomy on October 24, 1990 (Defendant's Exhibit #6). The defendant again had back complaints in 1992 (Defendant's Exhibit #8). The plaintiff sold the restaurant in January, 1991 for $65,000, (Defendant's Exhibit #1) receiving $10,000 and a promissory note for $55,000 (Defendant's Exhibit #2). The plaintiff receives $1,761.81 monthly in liquidation of the note. The court concludes that the note represents the "proceeds from contractual agreements" and is a basis to calculate child support. The plaintiff received $15,000 from his father to enable the parties to buy their home located at 48 DiSanto Drive, Wolcott which is a duplex producing $425 rent monthly. The existing CT Page 9257 mortgage was assumed at the time of purchase. The parties stipulated that the present fair market value of the house is $168,300. There remains a mortgage balance of $10,000.
After the sale of their own restaurant, the plaintiff worked for a time at another pizza restaurant known as Robustelli's. The plaintiff has not worked since, asserting that he has had angina since 1981. His doctor recommended a stress test which the plaintiff has declined to take due to its costs, (cf. Plaintiff's Exhibit B).
The plaintiff accused the defendant of various infidelities beginning with an episode with her cousin while visiting her family in Italy, continuing with two men who worked at plaintiff's shop, and with an old man named Oscar. The plaintiff tapped and taped the defendant's calls on their home phone without success. The plaintiff hired and paid a private investigator $1,200 without result.
The plaintiff introduced underwear he claimed to have found under the marital bed (Plaintiff's Exhibit A) asserting they were not plaintiff's size. The defendant denied any knowledge of the items. The two erstwhile co-workers both testified, denying any sexual contact with the defendant.
The court finds the plaintiff's allegations to be unfounded and unproven.
On the other hand, there was testimony by the defendant of physical abuse inflicted upon the defendant by the plaintiff, which he categorically denied. The defendant also related similar complaints to Dr. Brenes, (Defendant's Exhibit #6).
Not only was the plaintiff obsessed with defendant's suspected infidelities, but he began to doubt the paternity of his own two sons at the same time he has made claim for custody.
In dispute is the safetybox that had been kept in the parties' attic. The plaintiff took the box, the contents of which were unknown to defendant other than it contained money saved from their restaurant for their children. There are no records nor were any made or kept of the financial dealings among the plaintiff, his father and the defendant.
The court, having heard the evidence, mindful of the CT Page 9258 statutory criteria, finds as follows:
1. The plaintiff and the defendant, whose maiden name was Bozzuto, intermarried on September 7, 1972 in the country of Italy.
2. The defendant has resided in Connecticut continuously for more than one year prior to the commencement of the plaintiff's action which was served on defendant on July 2, 1991.
3. The parties' marriage has broken down irretrievably.
4. There are only two minor children born to the defendant issue of the marriage as stated supra.
5. The State of Connecticut never furnished assistance.
A judgment is entered on the cross complaint dissolving this marriage on the ground alleged. The plaintiff's complaint is now dismissed as moot. As part of the judgment, the following orders are entered.
1. Sole custody of the minors Anthony and Joseph is awarded to the defendant. Reasonable visitation rights are awarded to the plaintiff.
2. The plaintiff shall pay the sum of $184 weekly to the defendant as child support for the two minors. (See Appendix A attached.) A wage withholding is ordered as required by 52-36, Connecticut General Statutes.
3. The parties shall be jointly responsible 50/50 for any medical expenses incurred for the minor sons.
4. The plaintiff shall pay the defendant $50 weekly periodic alimony for three years, or until the sooner death, remarriage or cohabitation of the defendant. The term is not modifiable. The wage withholding order extends to this order.
5. The plaintiff's interest in the real estate known as 48 Disanto Drive, Wolcott, Connecticut is awarded to the defendant who shall assume the remaining mortgage balance and hold the plaintiff harmless and indemnified from any claims by the mortgage holder. CT Page 9259
6. The plaintiff is awarded a lien on said real estate in the amount of $40,000 payable on October 1, 1995, or sooner upon the alimony obligation termination, together with simple 3% interest. This lien shall be secured by a mortgage note and mortgage deed containing the usual covenants found in bank residential mortgage forms including due on sale. The lien represented by said note and deed is an asset created as part of the parties' division of assets, and shall be negotiable and collectible by suit including foreclosure, if not paid when due but shall not be collectible by contempt citation.
7. The defendant is awarded the contents of the marital home as her sole property.
8. The plaintiff shall retain ownership of the note dated January 17, 1991 made by George Skabardonis as his sole property.
9. The defendant shall retain the Bank of Boston C.D. listed on her financial affidavit as her sole property.
10. The plaintiff shall be solely responsible for any debt claimed by his father to be due him from either the plaintiff or the defendant. The plaintiff shall hold the defendant harmless and indemnified from any such claims of the plaintiff's father.
11. Each party shall pay Attorney Brian Tynan for his services as counsel for the minors the sum of $1,200 due on or before November 30, 1992. No other award of counsel fees is made.
Counsel for the plaintiff shall prepare the judgment file and the mortgage documents.
HARRIGAN, J.
APPENDIX A
Child Support Guidelines Worksheet
 Plaintiff's net income from affidavit $410 Defendant's net income from affidavit + 104 ---- Total $514
 Rounded to $510 ----
CT Page 9260
 Total Child Support from schedule $230 ----
 Plaintiff's share 80% ---
 Plaintiff's obligation $184 ----